FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMILY M., <br><br> Plaintiff, <br><br> -vs- <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br> Defendant. | No.   1:23-CV-3100-WFN <br><br> ORDER GRANTING PLAINTIFF'S MOTION <br><br> ECF Nos. 11, 15 |

Pending before the Court are Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. ECF Nos. 11, 15. Attorney Chad Hatfield represents Emily M. (Plaintiff); Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for benefits on September 30, 2020, alleging disability since May 30, 2020. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Gerald R. Bruce held a hearing on June 14, 2022, and issued an unfavorable decision on August 17, 2022. Tr. 18-34. The Appeals Council denied review on May 2, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on July 6, 2023. ECF No. 1.

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the

ORDER GRANTING
PLAINTIFF'S MOTION - 2

burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On August 17, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-34.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 30, 2020, the application date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, carpal tunnel syndrome, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD). Tr. 21.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations:

> [C]an occasionally climb ramps and stairs, can never climb ladders, ropes, and scaffold; can frequently balance; can occasionally stoop, kneel, crouch, and crawl; can occasionally reach overhead bilaterally; can frequently handle and finger with the left non-dominant upper extremity; can never be exposed to hazards such as unrestricted heights and dangerous moving machinery; can occasionally be exposed to extreme cold and vibration; can be exposed to moderate noise as defined in the SCO; can perform simple work; can perform goal-oriented but not assembly line paced work; can frequently interact with co-workers, supervisors, and the general public; and can adapt to routine changes in the workplace.

Tr. 24.

At step four, the ALJ found Plaintiff unable to perform past relevant work. Tr. 32.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 32-33.

The ALJ thus concluded Plaintiff has not been disabled since the application date through the date of the decision. Tr. 33.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ erred at step two; (D) whether the ALJ erred at step three; and (E) whether the ALJ erred at step five. ECF No. 11 at 5.

## DISCUSSION

**A.    Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated the opinion of Plaintiff's treating provider, Cynthia Hurtado, ARNP. ECF No. 11 at 8-15. As discussed below, the Court agrees.

ARNP Hurtado completed a medical source statement on June 24, 2022, assessing the prognosis of Plaintiff's physical and mental impairments as "fair" and opining, among other things, that Plaintiff would miss at least four days per month and would be off task at least 30% of the time if attempting to work a 40-hour work week. Tr. 1570-72. The ALJ found the opinion unpersuasive. Tr. 32.

As relevant here, the ALJ discounted ARNP Hurtado's "work schedule limitations" as inconsistent with ARNP Hurtado's "notes of normal gait and lower extremity function." Tr. 31. Substantial evidence does not support this ground, as ARNP Hurtado's assessed

limitations were not solely based on Plaintiff's physical impairments. Rather, ARNP Hurtado explicitly noted Plaintiff's PTSD-diagnosis and assessed that working on a regular and continuous basis would cause "injury or re-injury to current *trauma*." Tr. 1570 (emphasis added). When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where the ALJ's "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Further, in cases concerning mental impairments, as here, an ALJ must evaluate the medical evidence "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). Because the ALJ failed to do so here, he erred by discounting ARNP Hurtado's opinion.

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 11 at 17-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include the nature of and Plaintiff's response to treatment. Tr. 25-29. However, because the ALJ erred in evaluating the opinion of ARNP Hurtado, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities, specifically – and solely – noting that "[i]n October of 2020, the claimant was able to do

ORDER GRANTING
PLAINTIFF'S MOTION - 5

some work as a baby sitter." Tr. 28. This is an insufficient reason to discount Plaintiff's testimony. *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) ("[I]f working for almost nine months is not evidence that a disability benefit recipient is no longer disabled, then a nine week unsuccessful work attempt is surely not a clear and convincing reason for finding that a claimant is not credible regarding the severity of his impairments.").

The ALJ accordingly erred by discounting Plaintiff's testimony.

### SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 11 at 21. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess the findings at steps two and three – which were based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony – and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of ARNP Hurtado, reassess Plaintiff's testimony, reevaluate Plaintiff's claims at steps two and three, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Accordingly,

**IT IS ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, filed October 31, 2023, **ECF No. 11**, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, filed January 29, 2024, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 14th day of May, 2024.

05-09-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 7